**Talia Y. Guerriero**, WSBA No. 50548
talia@beaconforjustice.com
BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, OR 97205
503-673-1388 (Phone)
503-594-4689 (Fax)

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WASHINGTON

TACOMA DIVISION

| | |
|---|---|
| **ADAM WRIGHT**, an individual, | Case No.   3:26-cv-5225 |
| Plaintiff, | **COMPLAINT** |
| v. | 42 U.S.C. § 1981 – Race Discrimination; RCW 49.60.180(2) – Gender and Race Discrimination; RCW 49.60.210(1) – Whistleblower Retaliation; ORS § 659A.030(1)(a)-(b) – Gender and Race Discrimination (OR); ORS § 659A.199 – Whistleblower Retaliation (OR) |
| **SOUTHWEST WASHINGTON REGIONAL SURGERY CENTER**, a Washington limited liability company, | |
| Defendant. | DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1.

Plaintiff Adam Wright was a dedicated and experienced employee of the Southwest

Washington Regional Surgery Center ("SWRSC"). During Mr. Wright's employment, SWRSC

Page 1 of 35 – COMPLAINT

displayed an intolerable disregard for Mr. Wright's repeated complaints of racist and sexist behavior by SWRSC employees. SWRSC CEO Rebecca Aman and Director of Human Resources ("HR"), Christina Miller, offered **nothing but empty sympathy** in response to Mr. Wright's egregious and repeated reports of targeted racism and gender discrimination. Had SWRSC investigated, they would have discovered that the hostility was such that SWRSC staff were referring to Mr. Wright with the profoundly unacceptable **N-word.**

However, rather than investigate Mr. Wright's complaints, CEO Aman and HR Miller allowed SWRSC employees to degrade, belittle, and discredit Mr. Wright, subjecting him to a hostile work environment based on his race and gender. As time went on, the discriminatory treatment intensified, and the lack of action from HR or leadership allowed SWRSC staff to feel protected treating Mr. Wright as subhuman. Despite nearly a year of continuous complaints that certain characterizations were racial and sexist stereotypes, the Board President met with Mr. Wright on or around March 22, 2023, to criticize him by using the very racial and sexist stereotypes that had been inappropriately applied to him. SWRSC's discriminatory mistreatment caused Mr. Wright mental, emotional, and physical distress and left him with no choice but to resign, stating:

> "Unfortunately, the toxic and deep-rooted power structure remains, driven by a group of highly influential clinical and operational team members profoundly resistant to change, including, specifically, personally, me – for reasons that I believe have as much (if not more) to do with my race and gender as my leadership style."

In response, SWRSC unlawfully terminated Mr. Wright's employment early.

/ / /

Page 2 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

As such, Plaintiff alleges as follows:

**PARTIES AND JURISDICTION**

2.

Plaintiff Adam Wright (hereinafter "Plaintiff") was, at the time of filing and at all material times herein, a resident of West Linn, Oregon, in Clackamas County, an employee of Southwest Washington Regional Surgery Center, and a Black man.

3.

Defendant Southwest Washington Regional Surgery Center (hereinafter "Defendant" or "SWRSC") is, and at all material times herein was, a Washington limited liability company operating out of Vancouver, Washington. Defendant is an "employer" for the purposes of the claims set forth herein.

4.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because an issue in this case arises under federal law. This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 because the state claims arise from the same nucleus of operative facts as the federal claims.

5.

This Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in the District of Washington, Tacoma Division.

/ / /

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

6.

Defendant is subject to personal jurisdiction in this Court because it is a Washington limited liability company organized under the laws of the State of Washington, with its principal place of business located at 200 NE Mother Joseph Place, Vancouver, Washington. Defendant operates a regional surgery center in this State, employs Washington workers, and conducts continuous and systematic business operations within Washington. Defendant is subject to both general and specific jurisdiction in this forum.

**FACTUAL ALLEGATIONS**

7.

In or around June 2022, Defendant hired Plaintiff to be the Director of Clinical Services under the direct leadership of SWRSC CEO Rebecca Aman.  In this role, Plaintiff was responsible for:

- Overseeing all areas pertaining to clinical services, including the Operating Room (OR), Pre and Post OP Recovery, Facilities Operations and Sterile Processing;

- Managing the transition to an electronic health records system;

- Leading the existing nurse managers;

- Implementing strategic hiring for key roles; and

- Increasing profitability for the surgery center as a whole.

8.

From the start, Plaintiff drew on his deep-rooted career, education, and leadership experience in clinical nursing to work as he led SWRSC's ambulatory surgery center.

Page 4 of 35 – COMPLAINT

Plaintiff joined SWRSC in the middle of Phase I of a complete organization-wide remodel, a long-delayed transition to electronic health records, understaffing, controlled substance violations, and more.

9.

Plaintiff's work ethic and experience had an overwhelmingly positive effect on the surgical services department. Shortly after his hire, CEO Aman confirmed that Plaintiff exceeded expectations and provided him with a pay raise to reflect his programmatic improvements, strong communication, and increase in efficiency.

10.

Despite Plaintiff's demonstrated effectiveness, SWRSC's nursing staff and business leadership team began exhibiting hostile and unprofessional behavior towards Plaintiff almost immediately after he was hired. As one of the only Black men in the clinical services department, it became clear that his race and gender were the driving factors for their treatment.

11.

Throughout the next couple of months, Plaintiff was repeatedly told that he was "aggressive," "angry," and "intimidating" while performing his duties and was often confused for another Black employee who "looked like him from behind." Plaintiff continuously reported these discriminatory comments to CEO Aman and HR Director Miller. CEO Aman reassured Plaintiff that these comments were not reflective of who he was and to disregard them.

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

12.

Rather than effectively manage behavioral issues and address discriminatory treatment, SWRSC tasked Plaintiff – one of the few employees of color – with developing a company-wide mission, vision, values, and culture statement intended to address diversity, which was ultimately unable to get traction due to staff pushback. Furthermore, SWRSC did not have an employee handbook that addressed equity, diversity, and race/gender discrimination, leaving Plaintiff isolated in an environment of discriminatory treatment with no assistance.

13.

In or around September 2022, Plaintiff met with one of his direct reports, Laurie Swanson, to discuss some of her substandard performance that pre-dated his arrival. In response, Ms. Swanson unprofessionally and hostilely accused Plaintiff of wanting to keep her "under his thumb" because he was a "man." Plaintiff was shocked by Ms. Swanson's inappropriate and discriminatory comments.

14.

Plaintiff made detailed notes on Ms. Swanson's conduct and reported it to both HR Director Miller and CEO Aman. Neither HR Director Miller nor CEO Aman took action to investigate Plaintiff's complaint.

15.

Beginning in or around early November 2022, Plaintiff reported his observations and complaints to CEO Aman that SWRSC employees were targeting him and treating him

Page 6 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

differently due to his race and gender. Plaintiff met with CEO Aman several times to discuss his experiences with SWRSC staff effectuating microaggressions, accusations, undermining, stonewalling, retaliation, name-calling, and more. However, CEO Aman never initiated investigations into this behavior, and no solutions were proposed.

16.

In or around December 2022, Plaintiff again explained to CEO Aman that he was experiencing ongoing racist behavior throughout the surgery center. Specifically, Plaintiff highlighted that he was being told he was "aggressive," "intimidating," and "frustrated" simply while performing his job duties as required of him. Although CEO Aman provided encouraging and motivating responses that Plaintiff was doing everything right, she never intervened on Wright's behalf or escalated Plaintiff's complaints to the Board to address the workplace harassment and discrimination.

17.

In or around October 2022, Plaintiff assumed leadership of surgical scheduling at CEO Aman's direction, taking over from Dawn Habkirk, Director of the SWRSC Business Office. Upon information and belief, Ms. Habkirk instigated a staff "mutiny" against Plaintiff from the business office side by actively spreading false rumors (such as inaccurately stating that Plaintiff was "never there"), racial microaggressions (such as describing Plaintiff as "aggressive/intimidating/angry"), and other unfounded and malicious gossip about Plaintiff's work performance and demeanor.

/ / /

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

18.

Plaintiff reported Ms. Habkirk's actions to CEO Aman and HR Director Miller, resulting in a phone call and meeting between Ms. Habkirk and Plaintiff, where he asked her to stop the false rumors about his work, responsibilities, and behavior. In response to Plaintiff's request to stop spreading false rumors, Ms. Habkirk directly said to Plaintiff, "Sometimes I like to see people suffer." Plaintiff continued to report his discriminatory encounters with Ms. Habkirk to both CEO Aman and HR Director Miller. CEO Aman responded that this was "tough to navigate" because HR Director Miller and Ms. Habkirk were friends.

19.

Shortly thereafter, in mid to late January 2023, Plaintiff elevated additional complaints of racism and gender-based discrimination to HR Director Miller. Plaintiff shared that he was experiencing microaggressions from several staff members, providing HR Director Miller with examples aforementioned herein. HR Director Miller was similarly ineffective in handling Plaintiff's complaints, essentially ignoring them and, to Plaintiff's knowledge, failing to investigate or interview the staff that he specifically named. HR Director Miller essentially told Plaintiff to "square it away" on his own and failed to take prompt or effective remedial action.

/ / /

/ / /

Page 8 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

20.

In mid-January 2023, Plaintiff went on a scheduled vacation with his family. After returning on or around January 25, 2023, Plaintiff felt an uncomfortable, palpable feeling of disconnection and isolation between him and the rest of the staff. Staff members were undermining him, ignoring his directives, engaging in slander and racist remarks, spreading rumors, and refusing to meet with him, talk with him, or execute his directives on a near-global level.

21.

In or around the middle of February 2023, Plaintiff reported his distress from this treatment to CEO Aman, once again citing his experience of race and gender discrimination. CEO Aman falsely assured Director Wright that everything was "fine" and it was all in his head.

22.

Shortly thereafter, CEO Aman scheduled an organizational leadership meeting ostensibly to increase the staff's understanding of Director Wright's actual role and function as the Director of Clinical Services. CEO Aman compelled Director Wright to attend a meeting with more than a dozen white staff members to clear his name, explain his role, and request respect. CEO Aman was in attendance but placed the burden of

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

explanation entirely on Director Wright, failing to take any action during the meeting to define or reinforce Wright's role and the need for staff to follow his direction.

23.

Despite CEO Aman's demonstrated disinterest in filing an official report or investigating workplace discrimination, Plaintiff continued to share his discomfort with her. CEO Aman responded that she was "so sorry [he was] encountering the microaggressions" and that she thought SWRSC needed "to bring in someone who can speak to micro aggressions and also incorporate culture/team work into the education as well." However, no such training ever took place, and the racist culture continued unchecked.

24.

On or around February 23, 2023, Plaintiff called a meeting with his direct supervisees to discuss important operational matters. Shockingly, they refused to meet with him without any apparent or legitimate reason. This constituted a glaring display of disrespect and demeaning treatment that, again, went unaddressed.

25.

Around this time, colleagues confirmed with Plaintiff that they had repeatedly witnessed OR staff members make openly racist comments about him using incredibly offensive terms. Plaintiff was mortified and devastated to learn just how severe and

Page 10 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

pervasive SWRSC's unsafe and racist environment really was. Director Wright also came to the realization that the environment was created and reinforced by CEO Aman's and HR's failure to take prompt, effective remedial action in response to the discriminatory behaviors.

26.

Later, on or around June 1, 2023, former coworkers revealed to Plaintiff that one or more OR staff members used the N-word to refer to Plaintiff in the presence of other staff members in the operating room during Plaintiff's employment and that it went unaddressed, even when reported.

27.

On or around March 22, 2023, Plaintiff attended a regular one-on-one meeting with CEO Aman. The newly assigned President of the Board, Jesse McCarron, MD, was present. During the meeting, Dr. McCarron and CEO Aman described staff reports from both the surgery center and Rebound Orthopedics about Plaintiff's alleged demeanor, communication, intimidating stature, and aggressive tone. Plaintiff felt overwhelmingly defeated and discouraged by upper management's reinforcement of the very racial tropes that he had been trying to get properly addressed, and broke down in tears.

/ / /

/ / /

Page 11 of 35 – COMPLAINT

28.

In the meeting, Plaintiff asked Dr. McCarron whether CEO Aman had told him about any of Plaintiff's prior complaints of discrimination. Dr. McCarron replied that she had not and asked Plaintiff what they were about. Plaintiff did his best to briefly provide Dr. McCarron with some of the substance of his prior complaints. In response, Dr. McCarron disregarded Plaintiff's complaints and delivered negative feedback about him, including that he needed to be:

- "At work more" without confirming how often he was there, and despite the reality that Plaintiff was consistently present well over 40 hours a week;

- More vulnerable and open with staff; and

- More "visible" in the OR (even though that was not his job).

29.

As the Director of Clinical Services and ever-present supporter of his staff and SWRSC, Plaintiff felt demoralized by this second-hand racist feedback, which effectively reinforced the racist characterizations of his personality and behavior.

30.

After this meeting, it became clear to Plaintiff that nothing would be done to address his serious and egregious complaints of race and gender discrimination. Instead, the racist behavior was being weaponized against him and impacting his otherwise stellar reputation.

Page 12 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

31.

As such, the working conditions became intolerable. Unable to continue in his work without concern that his health would severely suffer, on March 28, 2023, Plaintiff submitted his resignation letter to CEO Aman, explicitly stating that racism and gender discrimination were the primary reasons for his departure and providing more than two weeks' notice. Nonetheless, no one in upper management or HR asked him any follow-up questions or ever investigated his complaints. Instead, on April 3, 2023, SWRSC immediately terminated Plaintiff's employment effective that same day, cutting short his notice period and denying him the opportunity to transition his work or say farewell to colleagues.

32.

Plaintiff's resignation was a constructive discharge. SWRSC's refusal to investigate or remediate the discriminatory, hostile work environment, combined with management's reinforcement of racist stereotypes even after nearly a year of complaints, created working conditions so intolerable that a reasonable person in Plaintiff's position would have been compelled to resign.

33.

Defendant constructively discharged Plaintiff as follows: Plaintiff's working conditions deteriorated to the point that he was forced to resign; Defendant intentionally created or intentionally maintained the working conditions described; these working conditions were so intolerable that a reasonable person in Plaintiff's position would have

Page 13 of 35 – COMPLAINT

resigned because of them; and Plaintiff did leave the employment as a result of those working conditions.

34.

In addition to damages from the hostile work environment and constructive discharge, Plaintiff suffered additional damages from Defendant's retaliatory early termination, loss of opportunity to secure alternative employment, reputational harm from abrupt departure, and emotional distress from being summarily ejected after explicitly reporting discrimination.

**FIRST CLAIM FOR RELIEF**

**Race Discrimination**

**42 U.S.C. § 1981**

35.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

36.

Pursuant to 42 U.S.C. § 1981, it is unlawful to discriminate against an individual because of their race.

37.

By the acts and omissions described above, Defendant discriminated against Plaintiff because of race in violation of 42 U.S.C. § 1981.

Page 14 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

38.

In addition, or in the alternative, Defendant directed its subordinates' violative conduct or acquiesced to their subordinates' deprivation of Plaintiff's rights.

39.

In addition, or in the alternative, Defendant set in motion violative conduct that they knew or should have known would result in violations of Plaintiff's constitutional rights.

40.

In addition, or in the alternative, Defendant's conduct as described above was done intentionally and demonstrated a reckless or callous and deliberate indifference to Plaintiff's rights.

41.

**COUNT I (Hostile Work Environment)**: Defendant allowed severe or pervasive workplace harassment as described above, which had the purpose or effect of unreasonably interfering with Plaintiff's work and creating an intimidating, hostile, or offensive working environment because of his race in violation of 42 U.S.C. § 1981. Plaintiff perceived the working environment as hostile or abusive, and a reasonable person in Plaintiff's circumstances would have considered the environment to be hostile or abusive. Defendant knew about the hostile work environment as described in the previous paragraphs.

/ / /

Page 15 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

42.

Defendant's creation of, and/or failure to prevent or remediate against, the hostile work environment for Plaintiff constitutes unlawful discrimination, and Defendant's conduct was substantially motivated by his race and constitutes unlawful discrimination in violation of 42 U.S.C. § 1981.

43.

**COUNT II (Disparate Treatment)**: Defendant maintained a practice or custom of failing to protect employees of color from discrimination and failing to provide such persons with an environment that allows them to be safely and securely employed. This practice or custom included, but was not limited to, condoning employees' discrimination, inadequately supervising and training its employees, and failing to discipline or reprimand its employees, thereby failing to adequately discourage further constitutional violations on the part of its employees.

44.

**COUNT III (Constructive Discharge and Retaliatory Termination)**: Defendant SWRSC constructively discharged Plaintiff as described above because of his race. Defendant also desired to cause Plaintiff to leave employment as a result of those working conditions or knew that the employee was certain or substantially certain, to leave employment as a result of those working conditions. After Plaintiff's resignation explicitly cited race discrimination, Defendant retaliated by immediately terminating his employment and cutting short his notice period, all in violation of 42 U.S.C. § 1981.

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

45.

In addition, or in the alternative, Defendant is liable for the deprivation of Plaintiff's rights because the unlawful decisions were made or approved by people in policymaking positions for Defendant, and Defendant ratified the unlawful conduct alleged herein, knowing the basis of the unlawful conduct.

46.

Defendant's discrimination against Plaintiff was intentional or undertaken with deliberate indifference to Plaintiff's rights.

47.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered compensatory and/or nominal damages.

48.

Plaintiff requests compensatory damages and/or nominal damages, injunctive relief, equitable relief, and attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983, 1988.

**SECOND CLAIM FOR RELIEF**

**Race Discrimination**

**RCW 49.60.180(2)**

49.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

/ / /

Page 17 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

50.

The Washington Law Against Discrimination, RCW 49.60.180(2), makes it an unfair practice for any employer to discriminate against any person in compensation or in other terms or conditions of employment because of race.

51.

During a substantial portion of Plaintiff's employment, Plaintiff worked in Washington State.

52.

To the extent that Defendant's discriminatory conduct occurred in Washington and affected Plaintiff's Washington-based employment, it included but is not limited to:

a. Subjecting Plaintiff to race-based harassment from employees;

b. Never investigating Plaintiff's complaints of race discrimination;

c. Reinforcing and reifying the hostile work environment by rearticulating the severe and pervasive race-based stereotypes as though they were true; and

d. Taking retaliatory actions that culminated in his constructive discharge and then early termination.

50.

**COUNT I (Hostile Work Environment)**: Defendant allowed severe or pervasive workplace harassment as described above, which had the purpose or effect of unreasonably interfering with Plaintiff's work and creating an intimidating, hostile, or offensive working environment because of his race in violation of RCW 49.60.180. Plaintiff

Page 18 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

perceived the working environment as hostile or abusive, and a reasonable person in Plaintiff's circumstances would have considered the environment to be hostile or abusive. Defendant knew about the hostile work environment as described in the previous paragraphs.

51.

Defendant's creation of, and/or failure to prevent or remediate against, the hostile work environment for Plaintiff constitutes unlawful discrimination, and Defendant's conduct was substantially motivated by his race and constitutes unlawful discrimination in violation of ORS § RCW 49.60.180.

52.

**COUNT II (Disparate Treatment)**: Defendant maintained a practice or custom of failing to protect employees of color from discrimination and failing to provide such persons with an environment that allows them to be safely and securely employed. This practice or custom included, but was not limited to, condoning employees' discrimination, inadequately supervising and training its employees, and failing to discipline or reprimand its employees, thereby failing to adequately discourage further violations on the part of its employees.

53.

**COUNT III (Constructive Discharge and Retaliatory Termination)**: Defendant SWRSC constructively discharged Plaintiff as described above because of his race. Defendant also desired to cause Plaintiff to leave employment as a result of those working

Page 19 of 35 – COMPLAINT

conditions or knew that the employee was certain or substantially certain, to leave employment as a result of those working conditions. After Plaintiff's resignation explicitly cited race discrimination, Defendant retaliated by immediately terminating his employment and cutting short his notice period, all in violation of RCW 49.60.180.

53.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered economic damages for economic loss, lost wages, out-of-pocket medical costs, and accrued interest, in an amount to be determined at trial.

54.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered significant emotional distress and humiliation in an amount to be determined at trial.

55.

Pursuant to RCW 49.60.030(2), Plaintiff is entitled to recover economic and non-economic damages, punitive damages, attorneys' fees, and costs.

**THIRD CLAIM FOR RELIEF**

**Gender Discrimination**

**RCW 49.60.180(2)**

56.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

/ / /

Page 20 of 35 – COMPLAINT

57.

The Washington Law Against Discrimination, RCW 49.60.180(2), makes it an unfair practice for any employer to discriminate against any person in compensation or in other terms or conditions of employment because of gender.

58.

During a substantial portion of Plaintiff's employment, Plaintiff worked in Washington State.

59.

To the extent that Defendant's discriminatory conduct occurred in Washington and affected Plaintiff's Washington-based employment, it included but is not limited to:

  a. Subjecting Plaintiff to gender-based harassment from employees;

  b. Never investigating Plaintiff's complaints of gender discrimination;

  c. Taking retaliatory actions that culminated in his constructive discharge and termination.

60.

Plaintiff's gender was a substantial factor in Defendant's decision to subject him to discriminatory treatment and to constructively discharge and terminate his employment.

61.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered economic damages for economic loss, lost wages, out-of-pocket medical costs, and accrued interest, in an amount to be determined at trial.

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

62.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered significant emotional distress and humiliation in an amount to be determined at trial.

63.

Pursuant to RCW 49.60.030(2), Plaintiff is entitled to recover actual damages, attorneys' fees, and costs.

**FOURTH CLAIM FOR RELIEF**

**Whistleblower Retaliation**

**RCW 49.60.210(1)**

64.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

65.

The Washington Law Against Discrimination, RCW 49.60.210(1), makes it an unfair practice for any employer to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden by RCW 49.60 or because the person has filed a charge, testified, or assisted in any proceeding under RCW 49.60.

/ / /

/ / /

/ / /

Page 22 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

66.

To the extent that Defendant's discriminatory conduct occurred in Washington and affected Plaintiff's Washington-based employment, Plaintiff engaged in statutorily protected activities while working in Washington, including but not limited to:

a. Opposing race-based harassment and discrimination;

b. Filing internal complaints about violations of discriminatory treatment;

c. Objecting to what he reasonably believed to be unlawful employment practices; and

d. Documenting and reporting evidence of discrimination.

67.

Defendant knew or suspected that Plaintiff engaged in such statutorily protected actions.

68.

**COUNT I (Hostile Work Environment)**: Defendant allowed severe or pervasive workplace harassment as described above, which had the purpose or effect of unreasonably interfering with Plaintiff's work and creating an intimidating, hostile, or offensive working environment because of his protected activity in violation of § RCW 49.60.210(1). Plaintiff perceived the working environment as hostile or abusive, and a reasonable person in Plaintiff's circumstances would have considered the environment to be hostile or abusive. Defendant knew about the hostile work environment as described in the previous paragraphs.

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

69.

Defendant's creation of, and/or failure to prevent or remediate against, the hostile work environment for Plaintiff constitutes unlawful discrimination, and Defendant's conduct was substantially motivated by his protected and constitutes unlawful retaliation in violation of RCW 49.60.210(1).

70.

**COUNT II (Disparate Treatment)**: Defendant maintained a practice or custom of failing to protect whistleblowers from retaliation and failing to provide such persons with an environment that allows them to be safely and securely employed. This practice or custom included, but was not limited to, condoning employees' retaliation, inadequately supervising and training its employees, and failing to discipline or reprimand its employees, thereby failing to adequately discourage further violations on the part of its employees.

71.

**COUNT III (Constructive Discharge and Retaliatory Termination)**: Defendant SWRSC constructively discharged Plaintiff as described above because of his race. Defendant also desired to cause Plaintiff to leave employment as a result of those working conditions or knew that the employee was certain or substantially certain, to leave employment as a result of those working conditions. After Plaintiff's resignation explicitly cited race discrimination, Defendant retaliated by immediately terminating his employment and cutting short his notice period, all in violation of ORS § 659A.030(1)(a).

Page 24 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

72.

A causal connection exists between Plaintiff's protected activity and Defendant's decision to subject Plaintiff to these adverse employment actions.

73.

Defendant violated RCW 49.60.210(1) by retaliating against Plaintiff for engaging in legally protected actions.

74.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered economic damages for economic loss, lost wages, out-of-pocket medical costs, and accrued interest, in an amount to be determined at trial.

75.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered significant emotional distress and humiliation in an amount to be determined at trial.

76.

Pursuant to RCW 49.60.030(2), Plaintiff is entitled to recover actual damages, attorneys' fees, and costs.

/ / /

/ / /

/ / /

/ / /

/ / /

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

**FIFTH CLAIM FOR RELIEF**

**Race Discrimination – Oregon**

**ORS § 659A.030(1)(a)-(b)**

77.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

78.

Pursuant to ORS § 659A.030(1)(a)-(b), it is an unlawful employment practice for an employer and its agents to discharge an individual from employment or discriminate against an individual in compensation or in terms, conditions, and privileges of employment because of an individual's race.

79.

Defendant is an employer within the meaning of ORS § 659A.001.

80.

Defendant unlawfully discriminated against Plaintiff because of his race, or the intersections of his identities, and associated complaints and protected activity through the actions described herein in violation of § 659A.030(1)(a)-(b).

81.

**COUNT I (Hostile Work Environment)**: Defendant allowed severe or pervasive workplace harassment as described above, which had the purpose or effect of

Page 26 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

unreasonably interfering with Plaintiff's work and creating an intimidating, hostile, or offensive working environment because of his race in violation of § 659A.030(1)(b). Plaintiff perceived the working environment as hostile or abusive, and a reasonable person in Plaintiff's circumstances would have considered the environment to be hostile or abusive. Defendant knew about the hostile work environment as described in the previous paragraphs.

82.

Defendant's creation of, and/or failure to prevent or remediate against, the hostile work environment for Plaintiff constitutes unlawful discrimination, and Defendant's conduct was substantially motivated by his race and constitutes unlawful discrimination in violation of ORS § 659A.030(1)(b).

83.

**COUNT II (Disparate Treatment)**: Defendant maintained a practice or custom of failing to protect employees of color from discrimination and failing to provide such persons with an environment that allows them to be safely and securely employed. This practice or custom included, but was not limited to, condoning employees' discrimination, inadequately supervising and training its employees, and failing to discipline or reprimand its employees, thereby failing to adequately discourage further violations on the part of its employees.

/ / /

/ / /

Page 27 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

84.

**COUNT III (Constructive Discharge and Retaliatory Termination)**: Defendant SWRSC constructively discharged Plaintiff as described above because of his race. Defendant also desired to cause Plaintiff to leave employment as a result of those working conditions or knew that the employee was certain or substantially certain, to leave employment as a result of those working conditions. After Plaintiff's resignation explicitly cited race discrimination, Defendant retaliated by immediately terminating his employment and cutting short his notice period, all in violation of ORS § 659A.030(1)(a).

85.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered economic damages for economic loss, lost wages, out-of-pocket medical costs, and accrued interest, in an amount to be determined at trial.

86.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered significant emotional distress and humiliation in an amount to be determined at trial.

87.

Pursuant to ORS § 20.107 and ORS § 659A.885, Plaintiff is entitled to recover actual damages, punitive damages, reasonable attorney fees, and costs.

88.

Plaintiff also seeks equitable relief, including an injunction stopping Defendant from engaging in any practice that discriminates because of race.

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

## SIXTH CLAIM FOR RELIEF

## Gender Discrimination – Oregon

## ORS § 659A.030(1)(a)-(b)

89.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

90.

Pursuant to ORS § 659A.030(1)(a)-(b), it is an unlawful employment practice for an employer and its agents to discharge an individual from employment or discriminate against an individual in compensation or in terms, conditions, and privileges of employment because of an individual's gender.

91.

Defendant is an employer within the meaning of ORS § 659A.001.

92.

Defendant unlawfully discriminated against Plaintiff because of his gender, or the intersections of his identities, and associated complaints and protected activity through the actions described herein in violation of ORS § 659A.030(1)(a)-(b).

93.

**COUNT I (Hostile Work Environment)**: Defendant allowed severe or pervasive workplace harassment as described above, which had the purpose or effect of

Page 29 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

unreasonably interfering with Plaintiff's work and creating an intimidating, hostile, or offensive working environment because of his gender in violation of ORS § 659A.030(1)(b). Plaintiff perceived the working environment as hostile or abusive, and a reasonable person in Plaintiff's circumstances would have considered the environment to be hostile or abusive. Defendant knew about the hostile work environment as described in the previous paragraphs.

94.

Defendant's creation of, and/or failure to prevent or remediate against, the hostile work environment for Plaintiff constitutes unlawful discrimination, and Defendant's conduct was substantially motivated by his gender and constitutes unlawful discrimination in violation of ORS § 659A.030(1)(b).

95.

**COUNT II (Disparate Treatment)**: Defendant maintained a practice or custom of failing to protect employees from gender discrimination and failing to provide such persons with an environment that allows them to be safely and securely employed. This practice or custom included, but was not limited to, condoning employees' discrimination, inadequately supervising and training its employees, and failing to discipline or reprimand its employees, thereby failing to adequately discourage further violations on the part of its employees.

/ / /

/ / /

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

96.

**COUNT III (Constructive Discharge and Retaliatory Termination)**: Defendant

SWRSC constructively discharged Plaintiff as described above because of his gender in

violation of ORS § 659A.030(1)(a). Defendant also desired to cause Plaintiff to leave

employment as a result of those working conditions or knew that the employee was certain

or substantially certain, to leave employment as a result of those working conditions. After

Plaintiff's resignation explicitly cited race discrimination, Defendant retaliated by

immediately terminating his employment and cutting short his notice period, all in violation

of ORS § 659A.030(1)(a).

97.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered

economic damages for economic loss, lost wages, out-of-pocket medical costs, and

accrued interest, in an amount to be determined at trial.

98.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered

significant emotional distress and humiliation in an amount to be determined at trial.

99.

Pursuant to ORS § 20.107 and ORS § 659A.885, Plaintiff is entitled to recover actual

damages, punitive damages, reasonable attorney fees, and costs.

/ / /

/ / /

Page 31 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

100.

Plaintiff also seeks equitable relief, including an injunction stopping Defendant from engaging in any practice that discriminates because of gender.

**SEVENTH CLAIM FOR RELIEF**

**Whistleblower Retaliation – Oregon**

**ORS § 659A.199**

101.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

102.

Defendant is an employer for the purpose of ORS § 659A.001.

103.

Pursuant to ORS § 659A.199, it is an unlawful employment practice for an employer to prohibit an employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of a violation of any federal, state or local law, rule or regulation by the public employer.

104.

Defendant retaliated against Plaintiff in the terms and conditions of Plaintiff's employment and Plaintiff's constructive discharge and termination in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well

Page 32 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

as evidence of violations of federal and/or state laws, rules, or regulations. Defendant also desired to cause Plaintiff to leave employment as a result of those working conditions or knew that the employee was certain or substantially certain, to leave employment as a result of those working conditions. After Plaintiff's resignation explicitly cited race discrimination, Defendant retaliated by immediately terminating his employment and cutting short his notice period, all in violation of ORS § 659A.030(1)(a).

105.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered economic damages for economic loss, lost wages, out-of-pocket medical costs, and accrued interest, in an amount to be determined at trial.

106.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered significant emotional distress and humiliation in an amount to be determined at trial.

107.

Pursuant to ORS § 20.107 and ORS § 659A.885, Plaintiff is entitled to recover actual damages, punitive damages, reasonable attorney fees, and costs.

108.

Plaintiff also seeks equitable relief, including an injunction stopping Defendant from engaging in any practice that discriminates because of reporting a good faith violation of an unlawful employment practice.

/ / /

Page 33 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

**JURY TRIAL DEMAND**

109.

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

**PRAYER FOR RELIEF**

110.

WHEREFORE, Plaintiff prays for his costs and disbursements incurred herein and for the following in accordance with the proof at trial:

1.      Economic damages,

2.      Non-economic damages,

3.      Costs and attorney's fees,

4.      Prejudgment and post-judgment interest as appropriate and allowed by law,

5.      On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 34 of 35 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com

6.       Injunctive relief prohibiting Defendant from engaging in further employment discrimination against other workers of color and workers who make good faith complaints of illegality; and

7.       Any other relief the court deems proper.

DATED this 5th of March, 2026.

**BEACON EMPLOYMENT LAW**

 s/Talia Y. Guerriero
Talia Y. Guerriero, WSBA No. 50548
talia@beaconforjustice.com

*Attorney for Plaintiff*

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-594-4689
talia@beaconforjustice.com